L. Christopher Rose, Esq.
Nevada Bar No. 7500
Jonathan W. Fountain, Esq.
Nevada Bar No. 10351
Connor Bodin, Esq.
Nevada Bar No. 16205
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: lcr@h2law.com
Email: jwf@h2law.com
Email: cjb@h2law.com

David T. McDowell, Esq.*
William B. Thomas, Esq.*
Ryan Goodland, Esq.*
MCDOWELL HETHERINGTON LLP
1001 Fannin Street, Suite 2400
Houston, Texas 77002
Telephone: (713) 337-5580
Email: david.mcdowell@mhllp.com
Email: william.thomas@mhllp.com
Email: ryan.goodland@mhllp.com
*admitted *pro hac vice*

*Attorneys for Defendants*
*Aaron Neil Kelly and DEPCOM Power, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| EUNICES MADAULA , an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AARON NEIL KELLY, an individual; DEPCOM POWER, INC., a foreign company; DOE OWNERS I-V; DOE DRIVERS I-V; ROE EMPLOYERS I-X; and ROE COMPANIES I-X, inclusive, jointly and severally,<br><br>Defendants. | Case No. 2:25-cv-01043-CDS-BNW<br>Hon. Cristina D. Silva<br><br><br>**JOINT RESPONSE TO ORDER TO SHOW CAUSE, JOINT STATUS REPORT, AND PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**Special Scheduling Review Requested** |

### I.    Agreed Request of All Parties to Consolidate

On March 25, 2026, this Court ordered Plaintiffs to show cause why *Madaula v. Aaron Neil Kelly, et al.*, Case No. 2:25-cv-01043-CDS-BNW (the "*Madaula*" case) and *Sanchez v. Aaron Neil Kelly, et al.*, Case No. 2:26-cv-00702-CDS-BNW (the "*Sanchez*" case) should not be

HOWARD & HOWARD ATTORNEYS PLLC

1

consolidated. *See Madaula*, ECF No. 29; *Sanchez*, ECF No. 14.[1] After conferring, the undersigned counsel for Plaintiff Eunices Madaula in the *Madaula* case, counsel for Plaintiff Ernesto Frank Ferrer Sanchez in the *Sanchez* case, and counsel for Defendants Aaron Neil Kelly and DEPCOM Power, Inc. ("Defendants"), which are defendants in both cases, all agree that the *Madaula* case and the *Sanchez* case should be consolidated, for the reasons stated in Defendants' Notice of Related Cases. *See Madaula*, ECF No. 28; *Sanchez*, ECF No. 3. The parties therefore respectfully request that the *Madaula* case and the *Sanchez* case be consolidated.

## II.   Information Required by Fed. R. Civ. P. 26(f)

The parties held a scheduling conference under Federal Rule of Civil Procedure 26(f) on April 7, 2026. Benjamin J. Carman of The Big Guns Injury Attorneys participated in the conference on behalf of Plaintiff Eunices Madaula. Srilata Shah of Paul Padda Law, PLLC participated in the conference on behalf of Plaintiff Ernesto Frank Ferrer Sanchez. Ryan Goodland of McDowell Hetherington LLP participated in the conference on behalf of Defendants Aaron Neil Kelly and DEPCOM Power, Inc.

To facilitate discovery and allow the parties to benefit from the efficiencies created by consolidation, the parties request entry of a new discovery schedule to govern discovery in both cases. To date, the parties in *Madaula* have served initial disclosures, requests for production, interrogatories, and requests for admission. *See Madaula*, ECF No. 26 at 1-2. The parties in *Sanchez* have not yet served discovery, as the case was only removed to federal court on March 11, 2026. The parties in *Madaula* and in *Sanchez* believe the best course of action is to take the default deadlines of LR 26-1(b), as applied to the *Sanchez* case, and apply those to both cases. Such a schedule both adheres to the deadlines set in LR 26-1(b) as to the *Sanchez* case, while also providing the parties to the *Madaula* case an opportunity to participate in discovery as to the plaintiff in *Sanchez*. Accordingly, the parties now submit their proposed discovery plan and scheduling order in compliance with LR 26-1(b).

A.   Fed. R. Civ. P. 26(f)(3)(A) – Rule 26(a) Initial Disclosures

The deadline to make the initial disclosures required by Rule 26(a) is April 22, 2026.

---

[1] Copies of this joint response (identical aside from the caption) are being filed in both the *Madaula* case and the *Sanchez* case.

B. Fed. R. Civ. P. 26(f)(3)(B) – Discovery

The Parties will conduct appropriate discovery related to Plaintiffs' claims and allegations in their Complaints pursuant to the schedule in Section III below. At this time, the parties do not believe it is necessary to conduct discovery in phases or to limit or focus discovery on particular issues.

C. Fed. R. Civ. P. 26(f)(3)(C) – Electronically Stored Information

All discoverable information in existence, including discoverable information stored on electronic media, will be preserved for disclosure. The Parties do not anticipate any ESI disputes at this time.

D. Fed. R. Civ. P. 26(f)(3)(D) – Claims of Privilege or of Protection.

The Parties agree that any inadvertent disclosure of any privileged or trial preparation materials shall not result in the waiver of any associated privilege nor result in a subject matter waiver of any kind. The Parties agree, however, that the disclosure of any particular material shall cease to be "inadvertent" if, within three (3) business days after the receiving party notifies the producing party that it has received the material, the producing party does not request the return of the privileged matter. The Parties agree to return any privileged material inadvertently disclosed immediately upon notice of the disclosure. The Parties agree that no copies of the inadvertently disclosed materials will be made or kept by the receiving party. These provisions shall not be deemed to prevent any party from seeking an order compelling production of any material, including material returned as a result of a claim of inadvertent disclosure.

E. Fed. R. Civ. P. 26(f)(3)(E) – Limitations on Discovery

The Parties do not currently anticipate a need to suspend or change the limitations on discovery imposed by the Federal Rules of Civil Procedure and the Local Rules.

F. Fed. R. Civ. P. 26(f)(3)(F) – Other Orders

At this time, the parties do not believe it is necessary to request that the Court enter any other orders.

III. **Proposed Consolidation Order and Discovery Schedule Pursuant to LR 26-1(b).**

1. <u>Consolidation.</u> *Madaula v. Aaron Neil Kelly, et al.*, Case No. 2:25-cv-01043-CDS-BNW and *Sanchez v. Aaron Neil Kelly, et al.*, Case No. 2:26-cv-00702-CDS-BNW are hereby consolidated.

2. <u>LR 26-1(b)(1) – Discovery Cut-Off Date.</u> The first defendant in the *Sanchez* matter appeared on March 11, 2026. One hundred and eighty (180) days are required for discovery as measured from that date. The discovery cut-off date is September 7, 2026.

3. <u>LR 26-1(b)(2) – Amending the Pleadings and Adding Parties.</u> The deadline for filing motions to amend the pleadings and add parties is June 9, 2026.

4. <u>LR 26-1(b)(3) – Fed. R. Civ. P. 26(a)(2) Disclosures (Experts).</u> The deadline to disclose experts is July 9, 2026. The deadline to disclose rebuttal experts is August 10, 2026.

5. <u>LR 26-1(b)(4) – Dispositive Motions.</u> The deadline to file dispositive motions is October 7, 2026.

6. <u>LR 26-1(b)(5) – Pretrial Order.</u> The deadline to file a pretrial order is November 6, 2026. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until thirty (30) days after decision on the dispositive motions or further court order.

7. <u>LR 26-1(b)(6) – Fed. R. Civ. P. 26(a)(3) Disclosures.</u> The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them must be included in the joint pretrial order.

8. <u>Alternative Dispute Resolution.</u> The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation.

9. <u>Alternative Forms of Case Disposition.</u> The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).

HOWARD & HOWARD ATTORNEYS PLLC

Dated: this 8th day of April, 2026

MCDOWELL HETHERINGTON LLP

By: /s/ Ryan Goodland
David T. McDowell, Esq.*
William B. Thomas, Esq.*
Ryan Goodland, Esq.*
1001 Fannin Street, Suite 2400
Houston, Texas 77002
Telephone: (713) 337-5580
Email: david.mcdowell@mhllp.com
Email: william.thomas@mhllp.com
Email: ryan.goodland@mhllp.com

L. Christopher Rose, Esq.
Nevada Bar No. 7500
Jonathan W. Fountain, Esq.
Nevada Bar No. 10351
Connor Bodin, Esq.
Nevada Bar No. 16205
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: lcr@h2law.com
Email: jwf@h2law.com
Email: cjb@h2law.com
*admitted pro hac vice

*Attorneys for Defendants Aaron Neil Kelly and DEPCOM Power, Inc.*

THE BIG GUNS INJURY ATTORNEYS

/s/ Benjamin J. Carman (with permission)
Benjamin J. Carman
4045 Spencer St. suite A52
Las Vegas, NV 89119
Telephone: 702-722-3029
Email: Ben@thebigguns.law

*Attorney for Plaintiff Eunices Madaula*

PAUL PADDA LAW, PLLC

/s/ Srilata Shah, Esq. (with permission)
Srilata Shah, Esq.
4560 South Decatur Blvd, Suite 300
Las Vegas, Nevada 89103
Telephone: (702) 366-1888
E-mail: sri@paulpaddalaw.com

*Attorney for Plaintiff Ernesto Frank Ferrer Sanchez*

**IT IS SO ORDERED:**

_____
**UNITED STATES MAGISTRATE JUDGE.**

**Dated:**  April 10, 2026

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 8th day of August, 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ *Ryan Goodland*
Ryan Goodland

HOWARD & HOWARD ATTORNEYS PLLC

6